IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

v.                                           No. CR 13-3696 RB

**MATTHEW DUKE MALEY,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter came before the Court on Defendant's (Mr. Maley's) Motion to Continue Jury Trial Set for September 22, 2014, filed on September 17, 2014. (Doc. 87). For the reasons that follow, the Court denies this motion.

**I.  Background**

The Superseding Indictment charges Defendant with: conspiracy to commit distribution of 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 846 (Counts 1 and 11); distribution of 50 grams and more of methamphetamine, a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. §2 (Counts 9 and 10); possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. §2 (Count 12); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 14). (Doc. 49).

Mr. Maley was arrested on December 4, 2013, and he has been detained since that date. (Docs. 6; 10; 23). On December 6 and 19, 2013, Jared Abrams and Steven Almanaza entered their appearances as retained counsel. (Doc. 8; 22).

On January 13, 2014, trial was set for February 18, 2014. (Doc. 24). On February 4, 2014, Mr. Maley filed an unopposed motion to continue the trial for sixty days. (Doc. 36). The Court granted this motion and reset the trial for April 14, 2014. (Doc. 37). The Superseding Indictment was filed on March 19, 2014. (Doc. 49). On April 9, 2014, the Court reset the trial for May 19, 2014. (Doc. 65). On April 23, 2014, Co-Defendant Jose Luis Nino filed an unopposed motion to continue the trial for sixty days in which Mr. Maley joined. (Doc. 66). The Court granted the motion to continue the trial and reset the trial for July 14, 2014. (Doc. 70).

In June and July 2014, Co-Defendants Aubrey Savage, Jennifer Sanders, and Jose Luis Nino pleaded guilty pursuant to plea agreements. (Docs. 79; 95; 102). Mr. Maley was set to plead guilty on July 17, 2014. (Doc. 84). However, Mr. Maley did not plead guilty. Instead, on July 14, 2014, Mr. Maley filed a motion to continue the trial. (Doc. 85). On July 15, 2014, Mr. Almanza and Mr. Abrams filed a motion to withdraw as counsel. (Doc. 87).

The Court held a hearing on these motions on July 16, 2014. (Doc. 90). At the hearing, the Court observed that Mr. Almanza and Mr. Abrams had been retained. (*Id.*) Nonetheless, the Court allowed Mr. Maley seven days to obtain a new attorney and for any such new attorney to file an entry of appearance. (*Id.*) After no new attorney filed an entry of appearance, the Court denied Mr. Abrams' and Mr. Almanza's motion to withdraw. (Doc. 128). On July 18, 2014, the Court granted Mr. Maley's motion to continue the trial and reset the trial for September 15, 2014. (Doc. 97).

On July 29, 2014, the Court held a status conference on Mr. Maley's quest for new counsel. (Doc. 107). Mr. Almanza stated that he had been contacted by Mark Resnick, an Arizona attorney based in Tucson and Mr. Resnick had expressed an intention to enter an

appearance. (*Id.*) The Court explained Mr. Almanza and Mr. Abrams had not been allowed to withdraw and they should prepare for trial. (*Id.*)

At the September 4, 2014 call of the calendar, Mr. Abrams stated that Mr. Maley had hired new counsel and Mr. Abrams and Mr. Almanza would remain as local counsel. (Doc. 110). The Court set the trial for September 22, 2014. (*Id.*)

On September 17, 2014, Mr. Maley filed a fourth motion to continue the trial. (Doc. 29). Therein, Mr. Maley states that Mark Resnick, an attorney licensed in Arizona, has indicated that he intends to enter his appearance in this case, but he is unavailable to represent Mr. Maley for the trial set on September 22, 2014. (*Id.*) Mr. Maley states that Mr. Resnick is his counsel of choice. (*Id.*) The Government opposes the motion. (*Id.*)

**II.    Discussion**

In support of his request to continue the trial, Mr. Maley relies on the Supreme Court's decision in *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006). In *Gonzalez-Lopez*, the Supreme Court held that when a court wrongly denies a defendant counsel of choice, the error is structural and, thus, not subject to harmless error analysis. *Id.* at 150. The Tenth Circuit has observed that *Gonzalez-Lopez* does not address the question of whether to grant a continuance to allow a new attorney to be admitted *pro hac vice* to represent the defendant. *See United States v. Trestyn,* 646 F.3d 732, 739 (10th Cir. 2011). Rather, the Tenth Circuit explained that the district court must "balanc[e] the defendant's constitutional right to retain counsel of . . . choice against the need to maintain the highest standards of professional responsibility, the public's confidence in the integrity of the judicial process and the orderly administration of justice." *United States v. Flanders*, 491 F.3d 1197, 1216 (10th Cir. 2007) (internal quotation marks omitted).

In striking this balance, the Tenth Circuit considers whether: (1) the continuance would inconvenience witnesses, the court, counsel, or the parties; (2) other continuances have been granted; (3) legitimate reasons warrant a delay; (4) the defendant's actions contributed to the delay; (5) other competent counsel is prepared to try the case; (6) rejecting the request would materially prejudice or substantially harm the defendant' case; (7) the case is complex; and (8) any other case-specific factors necessitate or weigh against further delay. *Flanders,* 491 F.3d at 1216.

Consideration of these factors leads the Court to conclude that Mr. Maley's motion should be denied. First, Mr. Maley waited until three business days before the trial to file his motion. Over thirty-five witnesses have been notified and the Court has cleared its calendar for the trial. Undoubtedly, a continuance would inconvenience the witnesses and the Court. Second, this is the fourth request for a continuance. The Court granted the defense's three prior requests for trial continuances. Third, Mr. Maley has never explained any reason for his delay in obtaining new counsel and he has never suggested a legitimate reason that would warrant such a lengthy delay. Fourth, Mr. Resnick has been in contact with current counsel and the Government since July 2014, yet he has failed to enter an appearance. Fifth, Mr. Almanza and Mr. Abrams are competent attorneys who are prepared to try the case. Sixth, Mr. Maley has failed to make a case for any material prejudice or substantial harm that would result from the denial of his request for a continuance. Seventh, while the trial may be lengthy, the charges are not complex. Finally, the facts specific to case are that for two months the Court allowed Mr. Maley free rein to obtain new counsel with the only requirement being that he notify the Court of his progress, yet to date, on the eve of trial, Mr. Resnick has not entered an appearance. All of the factors deemed relevant by the Tenth Circuit weigh against Mr. Maley's request to continue the trial.

Accordingly, Defendant's Motion to Continue Jury Trial Set for September 22, 2014 will be denied.

    **IT IS SO ORDERED.**

    _____
    **ROBERT C. BRACK**
    **UNITED STATES DISTRICT JUDGE**