IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                              NO. CR 13-3696 RB

MATTHEW MALEY,

      Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** came before the Court on Defendant Matthew Maley's oral motion for a judgment of acquittal, pursuant to Rule 29, argued September 25, 2014. At the close of the United States' evidence, Mr. Maley moved to dismiss three of the six charges against him for lack of evidence. Rule 29(a) provides that "[a]fter the government closes its evidence or after the close of all the evidence, the court on the defendant's motion must enter a judgment of acquittal of any offense for which the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a); *United States v. Kebles*, No. 03-CR-249-WYD, 2007 WL 2520337, at *1 (D. Colo. Aug. 31, 2007) *aff'd*, 318 F. App'x 678 (10th Cir. 2009). In addressing a Rule 29 motion, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

From the bench, the Court found that the government submitted sufficient evidence to the jury in support of Counts 11 and 12. However, viewed in the light most favorable to the

prosecution, the Court finds that the evidence could not support a finding that Mr. Maley is guilty beyond a reasonable doubt as to Count 10 of the Superseding Indictment.

Under Count 10, the United States charged Mr. Maley with distributing drugs on August 21, 2013. (Superseding Indictment, Doc. 49.) The United States argued that, although it could not directly link Mr. Maley to the transaction, he aided and abetted the drug distribution through his role in the greater conspiracy. To prove a charge of aiding and abetting in the Tenth Circuit, the government has to prove beyond a reasonable doubt that the defendant "consciously shared the [principal's] knowledge of the underlying criminal act and intended to help him." 10th Cir. Patten Jury Instructions (Criminal) § 2.06 (2011). In other words, conspiracy is not enough to support a charge of aiding and abetting; the defendant must have independent knowledge of the particular, discrete transaction. Because the government could not link Mr. Maley to the August 21 distribution, the Court granted Defendant's motion with regard to Count 10. The Count was not submitted to the jury.

**THEREFORE**,

**IT IS ORDERED** that Defendant's motion for a judgment of acquittal is **GRANTED** with respect to Count 10.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**