IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                         No. 2:13-cr-3696-003 RB

**MATTHEW MALEY,**
also known as
**MATTHEW DUKE MALEY,**

      **Defendant.**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendant's Sentencing Memorandum. (Doc. 186.) Defendant objects to the Presentence Investigation Report's sentencing guideline calculation and requests a variance below the applicable guideline range. (*Id.*) The Government filed a response in opposition to Defendant's Sentencing Memorandum. (Doc. 190.) Having considered the submissions of counsel and relevant law, the Court finds that Defendant's objection to the sentencing guideline calculation should be granted and his request for downward variance should be denied.

**I.**    **Background**

On March 19, 2014, the Grand Jury returned a Superseding Indictment charging Defendant with: conspiracy to commit distribution of 50 grams and more of methamphetamine, in violation of 21 U.S.C. § 846 (Counts 1 and 11); distribution of 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2

(Counts 9 and 10); possession with intent to distribute 50 grams and more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A), and 18 U.S.C. § 2 (Count 12); and possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count 14). (Doc. 49.)

On September 15, 2014, the Government filed a Notice of Information to Establish Defendant's Prior Conviction pursuant to 18 U.S.C. § 851, which provides that the mandatory minimum sentence is 20 years, or 240 months. (Doc. 115.)

On September 25, 2014, Defendant was found guilty by jury verdict of all charges except Count 10. (Doc. 147.)

The Presentence Investigation Report grouped the four methamphetamine-related counts pursuant to United States Sentencing Guideline § 3D1.2(d) and assessed a base offense level of 34. After adding no points for the specific offense characteristics adjustment or the victim related adjustment, the Presentence Investigation Report imposed a two-point upward adjustment for Defendant's role as an offense leader and a two-point upward adjustment for obstruction of justice. Accordingly, the Presentence Investigation Report calculated the adjusted offense level for the methamphetamine-related counts at 38. The Presentence Investigation Report calculated the adjusted offense level for the firearm count at 24, applied a multiple count adjustment, and calculated Defendant's total offense level as 38. Due to his prior convictions, Defendant was placed in criminal history category IV. A total offense level of 38 and a criminal history category IV results in an advisory sentencing guideline range of 324 to 405 months.

Defendant objects to application of the two-point upward adjustment for obstruction of justice. Defendant also requests a variance to the mandatory minimum of 240 months. The

Government responds that the two-point upward adjustment is warranted and Defendant's request for a variance should be denied.

## II. Discussion

### A. The adjustment for obstruction of justice is inapplicable

The Presentence Investigation Report imposed the two-point upward adjustment for obstruction of justice under United States Sentencing Guideline § 3C1.1 because Defendant was aware of a warrant for his arrest in mid-November 2013 and avoided law enforcement for approximately three weeks until agents arrested him on December 4, 2013. In his Sentencing Memorandum, Defendant contends that his conduct does not merit application of the adjustment.

In its response to Defendant's Sentencing Memorandum, the Government asserts that the adjustment applies because Defendant was made aware of his arrest warrant on November 13, 2013, when agents served a forfeiture warrant on his property in Tucson, Arizona. At the time, Defendant was on a trip to Colorado with his daughter and Candice Carpenter. The Government states that agents attempted to locate Defendant through telephone records and issued a "be-on-the-lookout" notice in several states. Defendant continued with his drug trafficking activities and arranged for the transaction that led to the arrests of Ms. Carpenter and Jose Nino in Las Cruces on December 4, 2013. After she was arrested, Ms. Carpenter informed agents that she had assisted Defendant in creating false business receipts for the purpose of creating a paper trial for the drug proceeds. Agents found the falsified business receipts and a receipt for a prepaid telephone in a hotel room where Defendant and Ms. Carpenter had been staying. Additionally, agents were concerned that Defendant tried to alter his appearance by shaving. Defendant was arrested as he approached a residence of an associate whose address was provided by Ms. Carpenter.

United States Sentencing Guideline Section 3C1.1, Obstructing or Impeding the Administration of Justice, states:

> If (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to . . . the defendant's offense of conviction and any relevant conduct . . . increase the offense level by 2 levels.

U.S.S.G. § 3C1.1. Application Note 5 for Section 3C1.1 lists a number of acts that do not normally trigger the enhancement including "avoiding or fleeing from arrest." U.S.S.G. § 3C1.1, cmt. n.5(D). Thus, merely taking steps to avoid arrest is ordinarily insufficient to obstruct justice for purposes of Section 3C1.1.

Indeed, the Tenth Circuit has held that "the Section 3C1.1 enhancement does not apply to persons engaged in criminal activity who learn of an investigation into that activity and simply disappear to avoid arrest." *United States v. Fread*, 73 F.3d 374, 1995 WL768998 *4 (10th Cir. 1995) (unpublished) (quoting *United States v. Alpert*, 28 F.3d 1104, 1107 (11th Cir. 1994) (reversing the district court's application of the obstruction-of-justice enhancement when the defendants moved out of state and adopted aliases)). As a result, the Tenth Circuit has stated that "avoiding or fleeing from arrest . . . is generally *not* a basis for an enhancement." *United States v. Aispuro-Medina*, 256 Fed. App'x. 215, 2007 WL 4205867 *5 (10th Cir. 2007) (unpublished) (emphasis in original).

"The government bears the burden of proving sentencing enhancements by a preponderance of the evidence." *United States v. Orr*, 567 F.3d 610, 614 (10th Cir. 2009). In this case, the Government has not established that Defendant's avoidance of law enforcement amounted to a willful obstruction of justice for purposes of United States Sentencing Guideline Section 3C1.1. The fact that Defendant continued to engage in criminal activity after he learned

4

of the arrest warrant, shaved, and used a prepaid telephone does not establish that he willfully obstructed justice.

Additionally, the Government relies on Application Note 4(C), which provides that Section 3C1.1 applies where the defendant produced or attempted "to produce a false, altered, or counterfeit document or record during an official investigation or judicial proceeding." U.S.S.G. § 3C1.1, cmt. n.4(C). The Government relies on evidence that agents found false business receipts in Defendant's hotel room and Ms. Carpenter testified that she assisted Defendant in creating the false receipts in order to conceal the origin of drug proceeds.

In applying Section 3C1.1, courts have determined that the enhancement may be justified where the defendant provides false statements to government officials or police officers. *See United States v. Tagoe*, 2004 WL 1110530 *2 (10th Cir. May 19, 2004) (unpublished) (applying § 3C1.1 where the defendant submitted falsified receipts to the postal service); *United States v. McGovern*, 329 F.3d 247, 250-52 (1st Cir. 2003) (applying Section 3C1.1 to administrative audit investigation conducted by Medicare and Medicaid where the defendants submitted false statements to investigators); *United States v. Rodella,* 2015 WL 711941 *42 (D.N.M., Feb. 5, 2015) (unpublished) (applying Section 3C1.1 where the defendant submitted a false police report after police started investigating him); *United States v. Waters*, 2002 WL 31929249 *9 (D. Kan., Nov. 22, 2002) (unpublished) (applying Section 3C1.1 where the defendant manufactured an exculpatory letter and submitted it to investigating officers). In this case, however, the falsified business receipts were not submitted to government officials or law enforcement officers during an official investigation or judicial proceeding. For this reason, Application Note 4(C) is inapplicable.

The Government has not met its burden of proving that Section 3C1.1 applies by a preponderance of the evidence. *Orr*, 567 F.3d at 614. Accordingly, the two-point upward adjustment under Section 3C1.1 does not apply and Defendant's total offense level is 36 rather than 38. Defendant acknowledges that a total offense level of 36 and a criminal history category of IV results in an advisory guideline range of 262 to 327 months. (Doc. 186.)

**B.     A variance is not warranted**

Defendant requests a downward variance to 240 months. In making its determination whether such a variance is warranted, the Court must consider the following factors: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant; (5) any pertinent policy statement in effect on the date the defendant is sentenced; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). These factors must guide the Court's sentencing determination, which must arrive at a sentence that is "sufficient, but not greater than necessary, to comply with the purposes of sentencing identified in the statute." *Id*.

The Court has considered Defendant's Sentencing Memorandum and the supportive letters from Defendant's family and friends as well as the Presentence Investigation Report and the record. The Court notes that Defendant is 48 years old, was born in Colorado, and adopted at a young age. Defendant was raised in Colorado and was well provided for as a child. Defendant has the support of his family, including his three grown children, his ex-wife, and his siblings. Defendant quit school in ninth grade. Defendant has worked as a self-employed mechanic but he has not had a full-time job since 2008. Defendant has a history of drug and alcohol abuse.

The evidence at trial established that Defendant organized a sophisticated methamphetamine-distribution ring in a short period of time and profited handsomely from the enterprise. Defendant was also involved with firearms. Defendant's criminal history indicates that he was involved in methamphetamine distribution as early as 2000. While the nature of the offense and criminal history are strong negative factors, the Court recognizes that sentencing disparities with the co-defendants may arise as Defendant rejected a plea agreement and proceeded to trial. After balancing the Section 3553(a) factors, the Court concludes that it should not vary outside of the advisory guideline range of 262 to 327 months, but that a sentence of 262 months is adequate to accomplish the goals of sentencing.

**THEREFORE,**

**IT IS ORDERED** that Defendant's objection to the Presentence Investigation Report is **GRANTED** and Defendant's request for a downward variance is **DENIED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**